PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. PABLO CASTILLO, Defendant and Appellant.

No. 3940. Argued January 22, 1930.—Decided February 4, 1930.

*José Soto,* for appellant. *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The District *Fiscal* of San Juan filed an information against Pablo Castillo and José Cardona for transporting and selling for human consumption adulterated milk.

After a trial the district court sentenced Castillo to pay a fine of $30 and, in default of payment thereof, to be confined in jail one day for each dollar left unpaid, and the other defendant Cardona to pay a fine of $100 and, in default of its payment, to be imprisoned in jail one day for each dollar remaining unpaid, such imprisonment not to exceed ninety days.

Thereupon Castillo took an appeal to this court, and in his brief he has assigned three errors, all of which relate to the weighing of the evidence.

The *Fiscal* of this court has made a careful study of the case and agrees with the appellant that the evidence is insufficient.

The only evidence produced against the appellant is that the license to the milk-stand, where the milk in question was sold, had been issued in his name.

Ordinarily such proof is sufficient. In *People* v. *Borges*, 37 P.R.R. 140, 142, this court said:

"The defendant was its only owner according to the license and bond. If there were other owners it is of no consequence. Precisely in order to be able to make somebody liable the law requires that the license be issued in the name of some person who must give a bond. The defendant voluntarily accepted the position carrying the greatest responsibility and can not now escape the consequences of his acts."

Here, however, the evidence so thoroughly and convincingly shows that Castillo had sold the business to Cardona more than a month prior to the acts charged—both defendants having called at the local office of the Health Department to report the transaction and proper blanks for the new license having been delivered to Cardona, to be filled in by him—that it must be concluded that Cardona was the real and only owner of the milk-stand and that Castillo in fact had absolutely nothing to do with it.. Under these circumstances, it would be unjust to convict Castillo, especially since Cardona has been adjudged guilty.

518

We think it advisable to recall that in *People* v. *Cardona*, 29 P.R.R. 44, this court held that—

"When the evidence as a whole is convincing that the defendant was the owner and in actual control of the milk-stall, an attempt to show that the license was in the name of an employee will not avail him to evade responsibility for the sale of adulterated milk."

It would seem opportune to remark, however, that it is only in cases like the one at bar, in which the evidence is so clear and strong, that a conclusion such as that we have reached herein may be adopted. Here there was not only the testimony of Castillo, but also that of government officials and of the purveyor who supplied milk to the milk-stand, as to the change of ownership; and, not merely one, but several receipts for milk sold to customers and issued by Cardona were introduced in evidence. All of this testimony was clear and precise, and the very attitude of Cardona in denying the existence of the transfer shows that no collusion was involved. Castillo was in the Republic of Santo Domingo at the time that the adulterated milk was sold.

For the foregoing reasons, the judgment appealed from must be reversed in so far as it convicted Castillo, and another judgment entered acquitting him of the charge brought against him.